**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANIL NAYEE, | : |
| | : Civil Action No. 15-1288 (PGS) |
| Petitioner, | : |
| | : **MEMORANDUM ORDER** |
| v. | : |
| | : |
| STEPHEN M. D'ILIO, | : |
| | : |
| Respondent. | : |

Petitioner Anil Nayee ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is currently before the Court pursuant to Petitioner's request to stay these proceedings so that he may exhaust two claims in state court. (ECF No. 3.)

IT APPEARING THAT:

1. In his Petition, Petitioner raises two allegedly unexhausted claims:

   GROUND EIGHT: DEFENDANT WAS DEPRIVED OF HIS RIGHT TO COUNSEL GUARANTEED BY THE SIX [sic] AMEND. AND DUE PROCESS GUARANTEED BY FIFTH AND FOURTEEN [sic] AMEND. OF THE UNITED STATES CONST. AND Art. 1, Para. 10 OF THE NEW JERSEY CONST. WHEN THE TRIAL JUDGE CONDUCTED AN EX PARTE INTERVIEW OF SWORN JUROR, "E. R. ", IN HER CHAMBER [sic] WITHOUT THE TRIAL COUNSEL'S OR DEFENDANT'S PRESENCE. FURTHERMORE THE TRIAL COURT VIOLATED THE SPIRIT OF N.J. STAT. ANN. 2B:23-10, R. 3:16(b), R. 1:8-6(a) AND (g).

   GROUND NINE: PETITIONER IS ENTITLED TO POST CONVICTION RELIEF DUE TO THE INEFFECTIVE ASSISTANCE OF TRIAL, APPELLATE, PCR COUNSELS IN VIOLATION OF SECURING HIS RIGHTS UNDER THE UNITED STATES CONSTITUTION AMENDMENT FIFTH, SIX [sic] AND FOURTEEN [sic]; AND NEW JERSEY CONSTITUTION UNDER ARTICLE I, PARAGRAPH 10 OF

>    NEW JERSEY CONSTITUTION WHEN THEY FAILED TO NOTICE AND BRING CLEARLY OBVIOUS VIOLATION ON THE RECORD OF TRIAL JUDGE'S EX PARTE INTERVIEW OF JUROR, "E.R.", WITHOUT THE TRIAL COUNSEL'S PRESENT [sic] AND DEFENDANT'S PRESENT [sic].

(Pet. 36-40) (capitalization in original).

2. A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

3. Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1), the United States Court of Appeals for the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154.

4. Since *Crews*, however, the United States Supreme Court has explained when a stay should be issued; specifically:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless....
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

5. In this case, the Court finds that Petitioner has sufficiently meet the requirements of *Rhines*. Petitioner was denied his opportunity to raise these claims in state court when PCR counsel failed to raise them in his collateral proceeding. *See Baker v. Ricci*, No. 09-3654 (KM), 2013 WL 4833415, at *12 (D.N.J. Sept. 9, 2013) (applying *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) to find good cause for a stay when appellate counsel failed pursue a direct appeal); *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014) ("IAC by post-conviction counsel can be good cause for a *Rhines* stay"). Moreover, the Appellate Division itself already found that these claims are potentially meritorious. *See State v. Nayee*, No. A-4559-11T2, 2014 WL 2197863, at *2, n.6 (N.J. Super. Ct. App. Div. May 28, 2014) ("Although not raised by defendant, we note the court's failure to conduct all interviews on the record, and in the presence of counsel, was error.") Finally, Petitioner did not engage in intentional dilatory tactics because he filed his habeas Petition and request for a stay nine months after the Appellate Division first identified this issue and only two months after the New Jersey Supreme Court denied his petition for certification.

IT IS, therefore, on this 9 day of September, 2015,

ORDERED that Petitioner's Application for a stay of this action (ECF No. 3) is GRANTED; and it is further

ORDERED that within 30 days of the date of this Order, Petitioner must file his PCR petition in state court containing the claims detailed above; and it is further

ORDERED that Petitioner shall return to this Court by filing a request to reopen this action within 30 days after exhaustion of his state law claims; and it is further

ORDERED that, if Petitioner should fail to comply with the deadline set forth in this Order, this Court may vacate this Order *nunc pro tunc* and dismiss all unexhausted claims without further notice; and it is further

ORDERED that nothing in this Order shall be construed as a finding as to the timeliness of any additional claims that may be asserted in any future petition or amended petition, *see Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562 (2004); and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this action.

_____
Peter G. Sheridan, U.S.D.J.