# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ANIL NAYEE,                                     :
                                                :
      Petitioner,                           :       Civ. No. 15-1288 (PGS)
                                                :
   v.                                           :
                                                :
STEPHEN D'ILIO, et al.,                         :       **MEMORANDUM & ORDER**
                                                :
      Respondents.                          :
                                                :

      Petitioner, Anil Nayee ("Petitioner" or "Nayee"), is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 23, 2021, this Court denied Petitioner's habeas petition on the merits, but granted a certificate of appealability on two of Petitioner's claims. (*See* ECF 41 & 42). Thereafter, Petitioner filed a notice of appeal. (*See* ECF 43). After the filing of the notice of appeal, Petitioner filed an application to proceed *in forma pauperis* along with what this Court construes as a motion to expand the certificate of appealability and a motion to file a brief in support of his motion to expand the certificate of appealability. (*See* ECF 45 & 46). Given these filings, this Court will reopen this action for the sole purpose of deciding Petitioner's motions.

      Initially, Petitioner seeks *in forma pauperis* status to pursue his appeal. The United States Court of Appeals for the Third Circuit though has already granted Petitioner *in forma pauperis* status. (*See* C.A. 21-2022 Dkt. No. 9). Therefore, Petitioner's application before this Court is denied as unnecessary.

      Next, Petitioner has filed both a motion to expand the certificate of appealability as well as a motion to file a brief in support of his motion to expand the certificate of appealability. (*See*

ECF 45 & 46). This Court sees no reason to deny Petitioner's request to file a brief in support of his request to expand the certificate of appealability. Therefore, that motion is granted.

Nevertheless, this Court denies Petitioner's request to expand the certificate of appealability. In denying Petitioner's entire habeas petition on the merits, this Court granted a certificate of appealability on two claims; namely Claims I and III. Those claims raised the following issues:

1. Denial of due process and ineffective assistance of counsel when Petitioner appeared before the jury in prison garb ("Claim I"); and

2. Trial court error in failing to instruct the jury on the lesser included offense of manslaughter ("Claim III").

Petitioner though seeks to expand the certificate of appealability to also include the following claims:

1. Improper admission of hearsay statement concerning the victim's state of mind about her fear of Petitioner and appellate counsel's ineffectiveness for not raising this issue on appeal ("Claim V").

2. Ineffective assistance of counsel by failing to advise petitioner of the full consequences of declining a plea offer ("Claim VI").

3. Petitioner deprived right to counsel when trial judge conducted ex parte interview of juror E.R. in her chambers without Petitioner's trial counsel being present ("Claim VIII").

4. Trial, appellate and PCR ineffective assistance of counsel by failing to notice and object to trial judge's ex parte interview of juror E.R. ("Claim IX").

(*See* ECF 45-1 at 2-3).

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This Court applied the certificate of appealability standard outlined above in deciding not to grant a certificate of appealability on Claims V, VI, VIII and IX in its previous opinion. Nothing in Petitioner's motion and brief to expand the certificate of appealability warrants including these additional claims to the certificate of appealability. Accordingly, Petitioner's motion to expand the certificate of appealability is denied.[1]

Accordingly, IT IS on this ___8___ day of ~~August~~ September, 2021,

ORDERED that the Clerk shall reopen this case for the sole purpose of deciding Petitioner's two outstanding motions; and it is further

ORDERED that Petitioner's application to proceed *in forma pauperis* on appeal (ECF 45-2) is denied as unnecessary as the United States Court of Appeals for the Third Circuit has already granted Petitioner's application to proceed *in forma pauperis* on appeal; and it is further

ORDERED that Petitioner's motion for leave to file a brief in support of his motion to expand the certificate of appealability (ECF 46) is granted; and it is further

---

[1] This Court notes that Petitioner has also filed a motion to expand a certificate of appealability with the United States Court of Appeal for the Third Circuit that remains pending.

ORDERED that Petitioner's motion to expand the certificate of appealability (ECF 45) is denied; and it is further

ORDERED that the Clerk shall serve this memorandum & order on Petitioner by regular U.S. mail; and it is further

ORDERED that the Clerk shall re-close this case.


_____
PETER G. SHERIDAN
United States District Judge